UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAKEISHA C. GREEN                                             PLAINTIFF

V.                                CIVIL ACTION NO. 3:24-CV-1-KHJ-MTP

ALLIED FIRST BANK SB, d/b/a Servbank                     DEFENDANT

ORDER

Before the Court is Plaintiff LaKeisha C. Green's [5] Motion for a Preliminary Injunction. The Court denies the motion. The Court thus cancels the scheduled motion hearing. *See* Order [6].

I.      Background

Green filed her Complaint on January 2, 2024. [1]. She alleged that Defendant Allied First Bank sb, d/b/a Servbank, violated the Fair Housing Act and Equal Credit Opportunity Act. *See id.*

On January 31, Green moved for a preliminary injunction. [5]. She sought to enjoin a foreclosure sale scheduled for February 23. *See, e.g.*, *id.* ¶ 7. The Court ordered Servbank to respond and scheduled a motion hearing. *See* [6].

Servbank responded, clarifying that the February 23 foreclosure sale "has already been cancelled due to the filing of the Plaintiff's Compl[aint]." [7] ¶ 1; *see also id.* ¶ 8 ("Defendant has already ordered the cancellation of the February 23, 2024 foreclosure sale due to the instant litigation."). Servbank further represented

that it "has no intention of reinstating the sale unless and until the instant litigation is concluded." *Id.* ¶ 8.

II.   Standard

"To be entitled to a preliminary injunction, [Green] must show (1) a substantial likelihood that [s]he will prevail on the merits, (2) a substantial threat that [s]he will suffer irreparable injury if the injunction is not granted, (3) h[er] threatened injury outweighs the threatened harm to the party whom [s]he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 252–53 (5th Cir. 2009) (quotation omitted). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 253 (quotation omitted).

III.   Analysis

Because Green cannot show a substantial threat of irreparable harm, the Court denies the motion.

Green cannot establish "a substantial threat that [s]he will suffer irreparable injury if the injunction is not granted." *Id.* at 252−53. To carry her burden, Green must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. NRDC*, 555 U.S. 7, 22 (2008). "[S]peculative injury is not sufficient." *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013) (quotation omitted). Here, Servbank has canceled the scheduled foreclosure

2

sale. [7] ¶¶ 1, 8. And it represents that it "has no intention of reinstating the sale unless and until the instant litigation is concluded." *Id.* ¶ 8. Given that, Green cannot carry her burden of showing a substantial threat of irreparable harm.[1]

The Court thus denies the motion for a preliminary injunction. The Court also cancels the motion hearing scheduled for February 15; the parties need not appear for any hearing. *See* [6].

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Green's [5] Motion for a Preliminary Injunction. The Court thus cancels the scheduled motion hearing. *See* [6].

SO ORDERED, this 6th day of February, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[1] Green's motion did not address the other three preliminary-injunction factors. *See* [5]; [7] at 2. Because Green cannot establish the irreparable-harm factor, the Court need not address the other three factors.