UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAKEISHA C. GREEN                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-CV-1-KHJ-MTP

ALLIED FIRST BANK SB, d/b/a Servbank                                 DEFENDANT

ORDER

Before the Court is Defendant Allied First Bank sb, d/b/a Servbank's
(Servbank) [34] Motion for Summary Judgment. The Court grants the motion.

I.     Background

This case arises from Servbank's attempt to foreclose on pro se Plaintiff
LaKeisha C. Green's home in Jackson.

In 2014, Green bought a home on Galloway Street, securing it with a 30-year
fixed-rate FHA loan. First Deed [41-13]. Both she and her ex-husband were on the
deed. *Id.* at 2. Only Green was on the note. First Note [41-12] at 4–6.

In 2017, Green refinanced her loan through The Money Source, Inc. *See*
Second Note [41-14]. Again, both Green and her ex-husband were on the deed.
Second Deed [41-15] at 3. And again, only Green was on the note. [41-14] at 5.

Green and her ex-husband separated in 2019. Divorce Order [41-3] at 2. They
divorced in 2021. *Id.* After that, the Hinds County Chancery Court awarded the
Galloway Street home (and mortgage) to Green; it awarded a lien on the home to
her ex-husband. Property Order [41-5] at 13–14.

In April 2022, Green entered into a COVID-19 forbearance plan. *See* Hooten Decl. [34-1] at 2–3. She received 12 months of COVID-19 forbearance—the maximum amount available. *See id.*; 15 U.S.C. § 9056(b).

In April 2023, Green's mortgage transferred to Servbank. Email [41-16] at 2. That same month, Green requested more COVID-19 forbearance. *See* [34-1] at 48. Servbank informed her that she had exhausted that relief. *See id.*

Around the same time, Servbank offered her an "FHA Partial Recovery Claim as a home retention option" and conditionally offered her "multiple non-retention home options." *Id.* at 3; *see also id.* at 58–59.[1] Green did not accept those offers or appeal. *See* Statement of Hardship [41-4] at 3. Instead, in May 2023, she responded that the "FHA Recovery Partial Claim option [was] not conducive to [her] current situation, as unfortunately [her ex-husband] listed on the deed to the property [was] uncooperative." *Id.* Accordingly, she requested "options that suit [her] unique[] yet unfortunate situation." *Id.* Green followed up, requesting "continued participation in the COVID-19 Forbearance Program." Req. for Forbearance [41-6] at 3.

In June 2023, Servbank again explained that she was ineligible for more COVID-19 forbearance, offered her an FHA Partial Recovery Claim, and conditionally offered her non-retention options. [34-1] at 65–66.[2] And again, Green did not accept any of those offers or appeal. *See* Req. for Repayment Plan [41-7] at

---

[1] Servbank's April 2023 letter explained why Green was ineligible for forbearance, an FHA advanced loan modification, and an FHA recovery modification. [34-1] at 58.

[2] Servbank's June 2023 letter explained why Green was ineligible for forbearance, an FHA advanced loan modification, an FHA recovery modification, and a repayment plan. [34-1] at 65.

3. Instead, in August 2023, she requested a six-month repayment plan to make up 15 past-due payments totaling about $22,000. *Id.* Servbank responded that she "should not be reapplying if [her] income has not changed." [34-1] at 30.

In November 2023, Servbank sent yet another letter, offering the same options. *See* [34-1] at 72–73.[3] Again, Green did not accept any of those offers or appeal. *See* Second Req. for Forbearance [41-8] at 3. Instead, she told Servbank that she would be "most willing to sign" the FHA Partial Recovery Claim documents—after she took her ex-husband to court and forced him to sign a quitclaim deed. *Id.*

In December 2023, Servbank told Green that her ex-husband "would not be required to sign the documents associated with the FHA Partial Recovery plan." [34-1] at 3; *see also* Resp. [41] at 24. Even so, Green never signed those documents. Servbank placed Green's loan in active foreclosure status. Letter [41-11] at 2.

The next month, Green filed this lawsuit. Compl. [1]. Her pro se [1] Complaint asserted discrimination claims under the Fair Housing Act (FHA) and Equal Credit Opportunity Act (ECOA). *Id.* ¶¶ 65–75. She raised both disparate impact and disparate treatment theories. *See id.*

Servbank never moved to dismiss, so the parties engaged in discovery. Servbank sent Green requests for admission. Reqs. for Admis. [34-2] at 11–13. Green responded to each request: "My mental state will not allow me to respond." Discovery Resps. [34-3] at 4–5.

---

[3] Servbank's November 2023 letter explained why Green was ineligible for forbearance, an FHA advanced loan modification, an FHA recovery modification, and a repayment plan. [34-1] at 72.

Servbank then moved for summary judgment on all claims, arguing that Green's "conclusory allegations of alleged discrimination (with no evidence) . . . fail to create a genuine issue of material fact." [34] at 2. Green responded that Servbank had "full knowledge" of her protected traits and discriminated against her based on her race, color, religion, national origin, sex, familial status, marital status, and receipt of public assistance. [41] at 14–15 (asserting discrimination based on "all of the above protected classes"). The Court now takes up Servbank's [34] Motion for Summary Judgment.

II.    Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (cleaned up). And a movant is "entitled to a judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of [her] case with respect to which [she] has the burden of proof." *Carnegie Techs., L.L.C. v. Triller, Inc.*, 39 F.4th 288, 293 (5th Cir. 2022) (cleaned up).

"If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (cleaned up).

"Once a party meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Id.* The non-movant's failure "to offer proof concerning an essential element of [her] case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

Courts must "view all the facts in the light most favorable to the non-moving party and draw all justifiable inferences in [her] favor." *Est. of Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021) (cleaned up). But "[c]onclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation will not survive summary judgment." *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) (cleaned up).

III.    Analysis

Summary judgment is proper on all claims. The Court explains why below.

A.  FHA

The Court begins with Green's FHA claims. The FHA "broadly prohibits discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin." *Tenth St. Residential Ass'n v. City of Dallas*, 968 F.3d 492, 499 (5th Cir. 2020).[4] "[A] violation of the FHA may be established not only by proof of

---

[4] Section 3604 prohibits discrimination in the sale or rental of housing. 42 U.S.C. § 3604. Section 3605 prohibits discrimination in "residential real estate-related transactions," such as making "loans or providing other financial assistance." *Id.* § 3605. That "plain language . . . seems to indicate that [Section] 3605 is the vehicle for

discriminatory intent, but also by a showing of significant discriminatory effect."
*Simms*, 83 F.3d at 1555. Green raises both disparate treatment and disparate
impact claims. *See* [1] ¶¶ 65–70. The Court addresses each in turn.

### 1. Disparate Treatment

To survive summary judgment on a disparate treatment claim, a plaintiff
first must "make out a prima facie claim." *Crain v. City of Selma*, 952 F.3d 634,
640–41 (5th Cir. 2020). If she does, the defendant must "articulate a legitimate,
non-discriminatory reason." *Id.* at 641 (cleaned up). "The burden then shifts back to
the plaintiff to rebut the reason offered by showing it is a pretext for
discrimination." *Id.* (cleaned up).

Summary judgment is proper for two reasons. Green cannot establish a
prima facie claim. And even if she could, she cannot show that Servbank's stated
reason is a "pretext for discrimination." *Id.*

### Prima Facie Claim

To begin, Green cannot make out a prima facie claim. Doing so requires her
to establish four elements: that (1) she was a member of a protected class, (2) she
requested and was qualified for a loan modification, (3) Servbank denied it, and (4)
Servbank approved similarly situated applicants' requests. *See id.* at 640–41
(considering claim under Section 3604); *Phoenix v. Wells Fargo Bank, N.A.*, No. 16-

---

discrimination claims involving the financing of residential housing." *Simms v. First
Gibraltar Bank*, 83 F.3d 1546, 1554 n.27 (5th Cir. 1996). But to be safe, the Court proceeds
on the assumption that Green raised claims under both provisions. The same grounds for
dismissal apply for both. *See* Mem. Supp. Mot. [35] at 8–14.

CV-75, 2016 WL 9526225, at *2 (M.D. La. Aug. 24, 2016) (considering claim under Section 3605). Green cannot establish the second or fourth elements.

As for the second element, the summary-judgment record shows that Green was not qualified for the requested relief. Indeed, Green admitted that Servbank "has not failed to offer [her] any required loss mitigation option." *See* [34-2] at 13.[5] Because Green never moved to withdraw or amend that admission, the matter is "conclusively established." Fed. R. Civ. P. 36(b). So it "cannot be overcome at the summary-judgment stage by pointing to contradictory evidence." *Batyukova*, 994 F.3d at 724 (cleaned up). That alone is dispositive.[6]

Separately, as for the fourth element, Green cannot show that Servbank treated similarly situated applicants differently. Indeed, Green admitted that she "cannot provide any evidence that [she] and/or the loan account for [her] property were treated differently than any other similarly situated borrower or account

---

[5] Green said only that her "mental state [would] not allow [her] to respond." [34-3] at 5. But an "answer must specifically deny [a matter] or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). And when a party fails to answer a request for admission, the matter of the request is deemed admitted. Fed. R. Civ. P. 36(a)(3).

[6] Even without Green's admission, summary judgment would be warranted. Servbank offered evidence that Green "did not qualify for other foreclosure prevention options," let alone ones that she requested. [34-1] at 3 (citing [34-1] at 57–79). So the burden shifted to Green to "produce evidence of the existence of such an issue for trial." *Bayle*, 615 F.3d at 355. But Green offered none. *See* [41] at 10 (arguing only that she "did not qualify for other relief options . . . 'based on the information provided' . . . , which was the only information that [she] could provide at the time due to [her] mental and emotional distress caused by Servbank").

serviced by Serv[b]ank." *See* [34-2] at 12; [34-3] at 5. That, too, is dispositive. *See* Fed. R. Civ. P. 36(b).[7]

For those reasons, Green fails to make out a prima facie claim. That warrants summary judgment.

<u>Pretext for Discrimination</u>

Even if Green could establish a prima facie claim, she cannot show that Servbank's stated rationale was a pretext for discrimination.

"Anti-discrimination laws do not require defendants to make proper decisions, only non-discriminatory ones." *Crain*, 952 F.3d at 642 (cleaned up). And so "unsound, unfair, or even unlawful actions do not give rise to an FHA disparate treatment claim if there is no evidence from which a jury reasonably could infer that [a protected trait] was a significant factor in the challenged action." *Id.* at 641 (cleaned up). To survive summary judgment, then, a plaintiff "must establish that there is a genuine dispute of material fact regarding whether [a protected trait] was a significant factor." *Id.* (cleaned up).

Green did not do so. Indeed, the only protected-trait-related evidence she cites is that Servbank had "full knowledge" of her race (African American), color (black), religion (Christian), national origin (U.S. citizen), sex (female), and familial status (single mother). [41] at 14. But it does not follow that Servbank "*discriminate[d]* against [her] based upon [her] membership in all of the above

---

[7] In any event, Green offered no evidence that Servbank treated similarly situated applicants differently. *See* [35] at 11–12; [41].

protected classes." [41] at 15 (emphasis added); *see also, e.g.*, *id.* at 25 (similar). A defendant's knowledge of a protected trait "does not, in itself, demonstrate that [its] actions were motivated by" that trait. *Crain*, 952 F.3d at 641; *see also Batyukova*, 994 F.3d at 724 ("Conclusory allegations . . . [and] unsubstantiated assertions . . . will not survive summary judgment." (cleaned up)).[8] For that reason, too, summary judgment is proper on Green's disparate treatment claim.

###### 2. Disparate Impact

The Court turns to Green's disparate impact claim. "The relevant question in a discriminatory effects claim . . . is whether a policy, procedure, or practice specifically identified by the plaintiff has a significantly greater discriminatory impact on members of a protected class." *Simms*, 83 F.3d at 1555.

Summary judgment is proper on this claim, too. Servbank offered evidence that it has no such policy, procedure, or practice. *See* [34-1] at 4. So the burden shifted to Green to "produce evidence of the existence of such an issue for trial." *Bayle*, 615 F.3d at 355. But Green's [41] Response offered none.[9] Green did not

---

[8] At most, Green's other grievances go to whether she received a fair loan-modification process. *Crain*, 952 F.3d at 641–42; *see also, e.g.*, [41] at 7 ("[Servbank] claimed that my ex-husband's signature was required . . . yet in or around December 2023[] claimed that his signature was not required."); *id.* at 13 ("Servbank did not thoroughly evaluate me for all available loss mitigation options before referring me to foreclosure."); *id.* at 14 ("Servbank did not designate an employee as a continuing single point of contact . . . ."); *id.* at 31 ("Servbank lacks quality, is highly incompetent, highly inconsistent, and highly unkind."). But without more, a defendant's "fail[ure] to ensure a fair . . . process . . . does not indicate pretext" for discrimination. *Crain*, 952 F.3d at 641–42.

[9] To be sure, Green's [41] Response asserted that "Servbank does engage in and implements policies, procedures, and practices that are geared towards discriminating against individuals based upon their membership in a protected class." [41] at 15. But "[c]onclusory allegations . . . [and] unsubstantiated assertions . . . will not survive summary judgment." *Batyukova*, 994 F.3d at 724 (cleaned up).

"specifically identif[y]" any policy, much less offer evidence that such a policy caused a "significantly greater discriminatory impact on members of a protected class." *Simms*, 83 F.3d at 1555. So summary judgment is proper. *See id.* at 1555–56; *Crain*, 952 F.3d at 641 n.6.

### B.  ECOA

Finally, the Court takes up Green's ECOA claim. The ECOA makes it "unlawful for any creditor to discriminate against any applicant[] with respect to any aspect of a credit transaction" based on a protected trait. 15 U.S.C. § 1691(a).

Summary judgment is proper on the ECOA claim. As Servbank argued, Green's "conclusory allegations of alleged discrimination (with no evidence) . . . fail to create a genuine issue of material fact." [34] at 2; *see also, e.g.*, [41] at 14–15. Because Green's "ECOA claim rests on the same allegations as did her FHA claim," the "disposition of her FHA claim also applies to her claim that she was discriminated against under the ECOA." *Est. of Davis v. Wells Fargo Bank*, 633 F.3d 529, 541 (7th Cir. 2011).[10] So summary judgment is proper.

### IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Servbank's [34] Motion for Summary Judgment. The Court will enter a separate final judgment consistent with this Order.

---

[10] *See also, e.g.*, *Rowe v. Union Planters Bank of Se. Mo.*, 289 F.3d 533, 535 (8th Cir. 2002) (applying the same prima facie requirements to ECOA and FHA claims); *Hood v. Midwest Sav. Bank*, 95 F. App'x 768, 778 (6th Cir. 2004) (same).

SO ORDERED, this 11th day of March, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE